UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANN M. BREWER/CHIN, <br><br> Plaintiff, <br><br> v. <br><br> NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING; MTGLQ INVESTORS, L.P. <br><br> Defendants. | No.: 17-CV-5014 <br><br> Jury demand <br><br><br> Judge <br> Magistrate |

**COMPLAINT**

NOW COMES the Plaintiff, ANN M. BREWER/CHIN, by and through her attorney, Keith H. Werwas of Matton and Werwas, P.C., and for her Complaint against NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING and MTGLQ INVESTORS, L.P., hereby states as follows:

**JURISDICTION**

1. The Court has jurisdiction under 28 U.S.C. § 1331 because this Complaint is brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. The Court can exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1337 because the claims arise out of the same transaction or occurrence as the claim brought under the FDCPA.

3. This Court has jurisdiction of the Bankruptcy Automatic Stay violations pursuant to Section 362(h) of title 11 of the United States Code as it provides individual debtors with

1

a powerful tool to safeguard the benefits of the automatic stay and to discourage violations of the stay.

4. Section 524(a)(2) of title 11 of the United States Code operates as an injunction against the commencement or continuation of any act to collect or recover a debt as a personal liability of the debtor.

## VENUE

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to Plaintiff's Complaint occurred in the County of Cook, which is in the Northern District of Illinois, Eastern Division.

## PARTIES

6. The Plaintiff, ANN M. BREWER/CHIN (hereinafter "CHIN" or "Plaintiff"), is a citizen of the State of Illinois.

7. Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING (hereinafter "SHELLPOINT") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Plymouth Meeting, Pennsylvania, and licensed to do business in the State of Illinois.

8. Defendant, MTGLQ INVESTORS, L.P., (hereinafter "MTGLQ") is a limited partnership organized under the laws of the State of Delaware, with its principal place of business in New York, New York, and licensed to do business in the State of Illinois.

## FACTS COMMONS TO ALL COUNTS

9. On March 4, 2005, CHIN executed a mortgage and note (hereinafter referred to as the "Mortgage" and "Note" respectively) for the property commonly known as 115

Edgebrook Court in Indian Head Park, Illinois, 60525 (hereinafter referred to as the "Property").

10. A true and accurate copy of the Mortgage and Note are attached hereto and encompassed within "Exhibit 1."

11. The original lender was Countrywide Home Loans, Inc. Ex. 1, Mortg. at 1.

12. An assignment of mortgage was recorded on November 7, 2014 from Countrywide Home Loans Inc. to Green Tree Servicing, LLC.

13. A true and accurate copy of said Assignment of Mortgage from Countrywide to Green Tree is attached hereto as "Exhibit 2."

14. Subsequently, on August 13, 2015, Green Tree Servicing, LLC, DT Holdings, LLC, and Ditech Mortgage Corp. merged and amended their name to Ditech Financial, LLC.

15. A true and accurate copy of the Certificate of Merger is attached hereto as "Exhibit 3."

16. After making payments for several years, CHIN experienced a financial hardship.

17. On October 16, 2015, Ditech Financial, LLC filed a Complaint to Foreclose Mortgage against CHIN in the Circuit Court of Cook County, Illinois.

18. A true and accurate copy of Ditech Financial, LLC's Complaint to Foreclose Mortgage is attached hereto as "Exhibit 4."

19. On February 16, 2010, CHIN filed Bankruptcy Chapter 7, case number 10-06016.

20. A Bankruptcy discharge was entered for case number 10-06016 on July 19, 2010.

21. As part of the Bankruptcy discharge, no personal deficiency could be sought against CHIN pertaining to the Mortgage, Note and Property.

22. According to Ditech Financial LLC's Complaint to Foreclose Mortgage, CHIN defaulted on her Mortgage and Note in September, 2014. Ex. 2, Ditech's Compl. to Foreclose Mortg. at ¶ 3(l).

23. An assignment of mortgage was recorded on August 22, 2016 from Ditech Financial, LLC to MTGLQ Investors, L.P.

24. A true and accurate copy of the Assignment of Mortgage is attached as "Exhibit 5."

25. SHELLPOINT was the mortgage loan servicer for the Mortgage CHIN had on the Property in question since at least August 1, 2016.

26. SHELLPOINT has been the agent of MTGLQ's since at least August 1, 2016 in regards to the Property in question.

27. A true and accurate copy of August, 2016 Correspondence as it pertains to the Property is attached hereto as "Exhibit 6."

28. On March 22, 2017, MTGLQ and CHIN entered into a Stipulation for Entry of Judgment for Foreclosure, pursuant to 735 ILCS 5/15-1402, regarding the Property, Mortgage and Note.

29. A true and accurate copy of the Stipulation for Entry of Judgment of Foreclosure is attached as "Exhibit 7."

30. Pursuant to the Stipulation for Entry of Judgment of Foreclosure, MTGLQ, its agents, successors and assigns waived any and all rights to a personal judgment for deficiency and/or other judgments against CHIN for the Note indebtedness and/or other obligations secured by the Mortgage. Ex. 7 at ¶ 2.

31. Pursuant to the Stipulation for Entry of Judgment of Foreclosure, CHIN was to vacate the Property by March 1, 2017. Ex. 7 at ¶ 6(a,b).

32. CHIN vacated the Property by March 1, 2017.

33. On May 24, 2017, the Consent Judgment was, pursuant to 735 ILCS 5/15-1402, entered in the foreclosure case and that case was dismissed.

34. A true and accurate copy of the Consent Judgment order is attached as "Exhibit 8."

35. On June 18, 2017, SHELLPOINT sent CHIN a mortgage statement demanding payment of $81,476.60 due and owing by July 1, 2017.

36. A true and accurate copy of the June 18, 2017 mortgage statement is attached hereto as "Exhibit 9."

37. As of March 1, 2017, CHIN has resided at 4089 Western Avenue in Western Springs, Illinois.

38. CHIN received phone calls on her cell phone from SHELLPOINT on June 12, 2017, June 14, 2017, June 16, 2017, June 19, 2017, June 23, 2017, June 28, 2017, and June 30, 2017.

39. On June 16, 2017, Counsel for CHIN sent an electronic mail communication to counsel for MTGLQ/SHELLPOINT which communication explicitly stated that MTGLQ and/or SHELLPOINT was to immediately cease and desist from having any direct communication with CHIN pertaining to the Property.

40. A true and correct copy of said electronic communication from counsel for CHIN is attached hereto as "Exhibit 10."

**COUNT I (Against SHELLPOINT)**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**Violation of 15 U.S.C § 1692e(2)(A)**

41. CHIN incorporates by reference paragraphs 1 to 40 as if fully incorporated herein.

42. Section 1692e of the Fair Debt Collection Practices Act ("FDCPA") provides that: "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e

43. The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

44. The term "debt collector" "includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.*

45. The term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person[.]" 15 U.S.C. § 1692a(6)(F).

46. Section 1692e(2)(A) specifically provides that it is a violation of the FDCPA for a debt collector to falsely represent "the character, amount, or legal status of any debt[.]" 15 U.S.C. § 1692e(2)(A).

47. SHELLPOINT holds itself out as a debt collector according to the monthly statements that it sent to CHIN. See Ex. 9, page 3, under Important Notice.

48. SHELLPOINT violated § 1692e(2)(A) because it falsely represented the character, amount, and legal status of CHIN's debt by sending her the June 18, 2017 monthly mortgage statement demanding that $81,476.60 is due and owing by July 1, 2017 when not only had the Mortgage and Note been discharged in bankruptcy, but she had entered into a consent judgment, tendered the Property back to the mortgagee and vacated the Property by March 1, 2017.

49. SHELLPOINT also violated § 1692e(2)(A) as CHIN received direct communications on her cell phone from SHELLPOINT on June 12, 2017, June 14, 2017, June 16, 2017, June 19, 2017, June 23, 2017, June 28, 2017, and June 30, 2017.

50. By May 24, 2017, SHELLPOINT had no right to seek a personal deficiency, send CHIN monthly statements, nor to have direct communication with CHIN for any reason since the underlying Mortgage lien was eliminated and the Note was deemed satisfied by virtue of the entry of the consent judgment order that was entered pursuant to 735 ILCS 5/15-1402.

51. As a result of this false representation, CHIN sustained damages in the amount of $1,000.00 per statutory violation.

52. As a result of having to enforce the foregoing liability, CHIN is entitled to the recovery of all costs of this action, together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3).

53. Section 1692k(3) provides that "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(3).

54. Therefore, as a result of having to enforce the foregoing liability, CHIN is entitled to costs of this action, together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3).

WHEREFORE, Plaintiff, ANN M. BREWER/CHIN, prays that this Court enter an Order for her and against NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING that states as follows:

- A. A judgment is entered in favor of CHIN and against SHELLPOINT on Count I of her Complaint for violation of 15 U.S.C. § 1692e(2)(A);
- B. Statutory damages are awarded to CHIN and against SHELLPOINT in the amount of $1,000.00 per violation or an amount to be determined by the Court;
- C. CHIN is awarded the costs of this action, together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3) and counsel for CHIN shall file a separate petition with this Court for such; and
- D. For any and all other relief this Court deems just and proper.

**COUNT II (Against MTGLQ)**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**Violation of 15 U.S.C § 1692e(2)(A)**

55. CHIN incorporates by reference paragraphs 1 to 40 as if fully incorporated herein.

8

56. MTGLQ is a debt collector because the Mortgage loan was in default in September, 2014, and MTGLQ acquired the loan on August 22, 2016.

57. MTGLQ violated § 1692e(2)(A) because it falsely represented the character, amount, and legal status of CHIN's debt because its agent, SHELLPOINT, sent her the June 18, 2017 monthly mortgage statement demanding that $81,476.60 is due and owing by July 1, 2017 when not only had the Mortgage and Note been discharged in bankruptcy, but she had entered into a consent judgment and tendered the Property back to the mortgagee and vacated the Property by March 1, 2017.

58. MTGLQ also violated § 1692e(2)(A) as CHIN received phone calls on her cell phone from its' agent, SHELLPOINT, on June 12, 2017, June 14, 2017, June 16, 2017, June 19, 2017, and June 23, 2017.

59. As part of the Stipulation for Entry of Judgment of Foreclosure, MTGLQ, its agents, successors and assigns waived any and all rights to a personal judgment for deficiency and/or other judgments against CHIN for the Note indebtedness and/or other obligations secured by the mortgage. Ex. 7 at ¶ 2.

60. By May 24, 2017, MTGLQ had no right to seek a personal deficiency, have monthly statements sent to CHIN, nor have any direct communication with CHIN for any reason since the underlying Mortgage lien was eliminated and the Note was deemed satisfied by virtue of the entry of the consent judgment order that was entered pursuant to 735 ILCS 5/15-1402.

61. As a result of this false representation, CHIN sustained damages in the amount of $1,000.00 per statutory violation.

62. As a result of having to enforce the foregoing liability, CHIN is entitled to costs of this action, together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3).

63. Section 1692k(3) provides that "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(3).

64. Therefore, as a result of having to enforce the foregoing liability, CHIN is entitled to costs of this action, together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3).

WHEREFORE, Plaintiff, ANN M. BREWER/CHIN, prays that this Court enter an Order for her and against MTGLQ that states as follows:

    A. A judgment is entered in favor of CHIN and against MTGLQ on Count II of her Complaint for violation of 15 U.S.C. § 1692e(2)(A);

    B. Statutory damages are awarded to CHIN and against MTGLQ in the amount of $1,000.00 per violation or an amount to be determined by the Court;

    C. CHIN is awarded the costs of this action, together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3) and counsel for CHIN shall file a separate petition with this Court for such; and

    D. For any and all other relief this Court deems just and proper.

**COUNT III (Against SHELLPOINT)**
**VIOLATION OF THE BANKRUPTCY DISCHARGE INJUNCTION**
**Violation of 11 U.S.C. § 524(a)(2)**

65. CHIN incorporates by reference paragraphs 1 to 40 as if fully incorporated herein.

66. On February 16, 2010, CHIN filed Bankruptcy case number 10-06016.

67. A Bankruptcy discharge was entered for case number 10-06016 on July 19, 2010.

68. As part of the Bankruptcy discharge, no personal deficiency could be sought against CHIN.

69. As part of the Stipulation for Entry of Judgment of Foreclosure, MTGLQ, its agents, successors and assigns waived any and all rights to a personal judgment for deficiency and/or other judgments against CHIN for the Note indebtedness and/or other obligations secured by the mortgage. Ex. 7 at ¶ 2.

70. As part of the Stipulation for Entry of Judgment of Foreclosure, CHIN was to vacate the property by March 1, 2017.

71. CHIN vacated the property by March 1, 2017.

72. SHELLPOINT was the mortgage servicer for CHIN's Mortgage and MTGLQ's agent since at least August, 2016.

73. As of May 24, 2017, CHIN neither had personal liability of the debt under the Note nor did the underlying lien exist as the consent order for foreclosure was entered.

74. SHELLPOINT had no reason after May 24, 2017 to be contacting CHIN.

75. SHELLPOINT is liable to CHIN for violating the discharge injunction pursuant to 11 U.S.C. § 524(a)(2) for sending the June 18, 2017 monthly mortgage statement demanding that $81,476.60 is due and owing by July 1, 2017 when not only had the mortgage been

discharged in bankruptcy, but she had entered into a consent judgment and gave the property back to the mortgagee and vacated the premises by March 1, 2017.

76. SHELLPOINT is liable to CHIN for violating the discharge injunction pursuant to 11 U.S.C. § 524(a)(2) as CHIN received phone calls on her cell phone from SHELLPOINT, on June 12, 2017, June 14, 2017, June 16, 2017, June 19, 2017, June 23, 2017, June 28, 2017, and June 30, 2017.

WHEREFORE, Plaintiff, ANN M. BREWER/CHIN, prays that this Court enter an Order for her and against SHELLPOINT that states as follows:

    A. That this Court impose sanctions against SHELLPOINT for violating Section 524(a)(2) of Title 11 of the United States Code by ordering SHELLPOINT to pay monetary damages in excess of $50,000.00;

    B. That this Court order SHELLPOINT to pay punitive damages for violating 815 ILCS 505;

    C. CHIN is awarded the costs of this action, together with reasonable attorney's fees, and counsel for CHIN shall file a separate petition with this Court for such; and

    D. For any and all other relief this Court deems just and proper.

### COUNT IV (Against MTGLQ)
### VIOLATION OF THE BANKRUPTCY DISCHARGE INJUNCTION
### Violation of 11 U.S.C. § 524(a)(2)

77. CHIN incorporates by reference paragraphs 1 to 40 as if fully incorporated herein.

78. On February 16, 2010, CHIN filed Bankruptcy case number 10-06016.

79. A Bankruptcy discharge was entered for case number 10-06016 on July 19, 2010.

80. As part of the Bankruptcy discharge, no personal deficiency could be sought against CHIN.

81. As part of the Stipulation for Entry of Judgment of Foreclosure, MTGLQ, its agents, successors and assigns waived any and all rights to a personal judgment for deficiency and/or other judgments against CHIN for the Note indebtedness and/or other obligations secured by the Mortgage. Ex. 7 at ¶ 2.

82. As part of the Stipulation for Entry of Judgment of Foreclosure, CHIN was to vacate the property by March 1, 2017.

83. CHIN vacated the property by March 1, 2017.

84. SHELLPOINT was the mortgage servicer for CHIN's Mortgage and Note, and MTGLQ's agent since at least August, 2016.

85. As of May 24, 2017, CHIN neither had personal liability of the debt nor did the underlying lien exist as the consent order for foreclosure was entered.

86. MTGLQ's mortgage servicer and agent, SHELLPOINT, had no reason after May 24, 2017 to have any direct communication with CHIN.

87. MTGLQ is liable to CHIN for violating the discharge injunction pursuant to 11 U.S.C. § 524(a)(2) for having the mortgage servicer and its agent, SHELLPOINT, send the June 18, 2017 monthly mortgage statement demanding that $81,476.60 is due and owing by July 1, 2017 when not only had the Mortgage and Note been discharged in bankruptcy, but she had entered into a consent judgment and tendered the Property back to the mortgagee and vacated the Property by March 1, 2017.

88. MTGLQ is liable to CHIN for violating the discharge injunction pursuant to 11 U.S.C. § 524(a)(2) as CHIN received phone calls on her cell phone from its' agent, SHELLPOINT, on June 12, 2017, June 14, 2017, June 16, 2017, June 19, 2017, June 23, 2017, June 28, 2017, and June 30, 2017.

WHEREFORE, Plaintiff, ANN M. BREWER/CHIN, prays that this Court enter an Order for her and against MTGLQ that states as follows:

    A.    That this Court impose sanctions against MTGLQ for violating Section 524(a)(2) of Title 11 of the United States Code by ordering MTGLQ to pay monetary damages in excess of $50,000.00;

    B.    That this Court order MTGLQ to pay punitive damages for violating 815 ILCS 505;

    C.    CHIN is awarded the costs of this action, together with reasonable attorney's fees, and counsel for CHIN shall file a separate petition with this Court for such; and

    D.    For any and all other relief this Court deems just and proper.

### COUNT V (Against SHELLPOINT)
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### Violation of 15 U.S.C § 1692c

89. CHIN incorporates by reference paragraphs 1 to 40 as if fully incorporated herein

90. SHELLPOINT violated 15 U.S.C. § 1692c by contacting a represented party directly.

91. Section § 1692c(a) provides: Communication with a consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express

permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt…(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt…

92. SHELLPOINT directly contacted CHIN even though it possessed the knowledge that CHIN was represented by counsel in the underlying foreclosure matter.

93. Additionally, SHELLPOINT possessed the knowledge that CHIN was represented by counsel because, on June 16, 2017, counsel for CHIN sent a communication to counsel for SHELLPOINT explicitly stating that it should cease and desist from having any direct communication with CHIN.

WHEREFORE, Plaintiff, ANN M. BREWER/CHIN, prays that this Court enter an Order for her and against NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING that states as follows:

    A.    A judgment is entered in favor of CHIN and against SHELLPOINT on Count V of her Complaint for violation of 15 U.S.C. § 1692c;

    B.    Statutory damages are awarded to CHIN and against SHELLPOINT in the amount of $1,000.00 per violation or an amount to be determined by the Court;

    C.    CHIN is awarded the costs of this action, together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3) and counsel for CHIN shall file a separate petition with this Court for such; and

    D.    For any and all other relief this Court deems just and proper.

## COUNT VI (Against MTGLQ)
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### Violation of 15 U.S.C § 1692c

94. CHIN incorporates by reference paragraphs 1 to 40 as if fully incorporated herein.

95. MTGLQ violated 15 U.S.C. § 1692c by having its mortgage servicer and agent, SHELLPOINT, contact a represented party directly.

96. Section § 1692c(a) provides: Communication with a consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt…(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt…

97. MTGLQ, by and through its agent, SHELLPOINT, directly contacted CHIN even though it possessed the knowledge that CHIN was represented by counsel with respect to the Property in the underlying foreclosure matter.

98. Additionally, MTGLQ possessed the knowledge that CHIN was represented by counsel because, on June 16, 2017, counsel for CHIN sent a communication to counsel for SHELLPOINT explicitly stating that it should cease and desist from having any direct communication with CHIN.

WHEREFORE, Plaintiff, ANN M. BRWER/CHIN, prays that this Court enter an Order for her and against MTGLQ that states as follows:

    A. A judgment is entered in favor of CHIN and against MTGLQ on Count VI of her Complaint for violation of 15 U.S.C. § 1692c;

    B.    Statutory damages are awarded to CHIN and against MTGLQ in the amount of $1,000.00 per violation or an amount to be determined by the Court;

    C.    CHIN is awarded the costs of this action, together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3) and counsel for CHIN shall file a separate petition with this Court for such; and

    D.    For any and all other relief this Court deems just and proper.

Respectfully Submitted,

/s/ Keith H. Werwas
Keith H. Werwas
Attorney for Plaintiff

Keith H. Werwas
Matton and Werwas, P.C.
Attorneys for Plaintiff, Chin
134 N. LaSalle Street
Suite 1040
Chicago, IL  60602
(312) 236-6800
ARDC No.:  6291042